UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANNETTE HARDING,
          Plaintiff

v.

BOSTON METRO PUBLISHING,
          Defendant

Civil Action No. 05-10576 GAO

## DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

Defendant Boston Metro Publishing ("Defendant") answers the numbered paragraphs of Plaintiff's Complaint as follows:

### PARTIES

1. Defendant admits so much of this Paragraph as alleges that Plaintiff is a black female. Defendant lacks sufficient knowledge to either admit or deny the remaining allegations of this paragraph, and therefore leaves Plaintiff to her proof.

2. Defendant admits the allegations of paragraph 2.

### FACTUAL ALLEGATIONS

3. Defendant admits the allegations of paragraph 3.

4. Defendant admits the allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5.

6. Defendant admits so much of this Paragraph as alleges that Plaintiff was hired as an at-will employee, to start work on April 3, 2002 as a telesales representative in the Defendant's sales department. To the extent this paragraph purports to allege otherwise, it is denied.

7. Defendant admits the allegations of paragraph 7.

8.  Defendant admits so much of this paragraph as alleges that on April 3, 2002 it entered into a written Agreement with Plaintiff. To the extent this paragraph purports to allege otherwise, Defendant states that the document in question speaks for itself.

9.  Defendant states that the document in question speaks for itself. To the extent this paragraph purports to allege otherwise, it is denied.

10. Defendant states that the document in question speaks for itself. To the extent this paragraph purports to allege otherwise, it is denied.

11. Defendant states that the document in question speaks for itself. To the extent this paragraph purports to allege otherwise, it is denied.

12. Defendant admits so much of this Paragraph as alleges that it did not terminate Plaintiff's employment in order to avoid paying Plaintiff any earned commission. To the extent this paragraph purports to allege otherwise, it is denied.

13. Defendant admits so much of this Paragraph as alleges that it did not terminate Plaintiff's employment in order to avoid paying Plaintiff any earned commission. To the extent this paragraph purports to allege otherwise, it is denied.

14. Defendant states that the document in question speaks for itself. To the extent this paragraph purports to allege otherwise, it is denied.

15. Defendant states that the document in question speaks for itself. To the extent this paragraph purports to allege otherwise, it is denied.

16. Defendant admits so much of this paragraph as alleges that at the beginning of her employment with the Defendant, Plaintiff was assigned to sell display ads. To the extent this paragraph purports to allege otherwise, it is denied.

17. Defendant admits so much of this Paragraph as alleges that Plaintiff's job responsibilities changed within the sales department to selling mostly classified ads. To the extent this paragraph purports to allege otherwise, it is denied.

18. Defendant admits so much of the second sentence of this paragraph as alleges that it instructed Plaintiff to devote more time to selling classified ads. To the extent the second sentence of this paragraph purports to allege otherwise, it is denied. Defendant admits the remaining allegations of the first sentence of this paragraph.

19. Defendant admits that classifieds were billed at a flat rate of $29.00 per ad, which is a lesser amount than the cost of display ads. Defendant denies the remaining allegations of this paragraph.

20. Defendant lacks sufficient information to either admit or deny the allegations regarding what the Plaintiff "interpreted", and therefore leaves Plaintiff to her proof.

21. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 21, and therefore leaves Plaintiff to her proof.

22. Defendant admits so much of this paragraph as alleges that Plaintiff competently performed her job. To the extent this paragraph purports to allege otherwise, it is denied.

23. Defendant admits the allegations of paragraph 23.

24. Defendant lacks sufficient information to either admit or deny the allegations regarding what the Plaintiff "avers," and therefore leaves Plaintiff to her proof.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28.  Defendant states that the policy in question speaks for itself. To the extent this paragraph purports to allege otherwise, it is denied.

29.  Defendant lacks sufficient information to either admit or deny the allegations regarding Plaintiff's reliance, and therefore leaves Plaintiff to her proof. Defendant denies the remaining allegations of this paragraph.

30.  Defendant denies the allegations of paragraph 30.

31.  Defendant admits that Plaintiff claimed certain prior work history. Defendant denies the remaining allegations of this paragraph.

32.  Defendant admits that Plaintiff claimed certain prior work history. Defendant denies the remaining allegations of this paragraph.

33.  Defendant admits that Plaintiff claimed certain prior work history. Defendant denies the remaining allegations of this paragraph.

34.  Defendant admits that Plaintiff claimed certain prior work history. Defendant denies the remaining allegations of this paragraph.

35.  Defendant admits the allegations of paragraph 35.

36.  Defendant denies the allegations of paragraph 36.

37.  Defendant admits the allegations of paragraph 37.

38.  Defendant admits the allegations of paragraph 38.

39.  Defendant denies the allegations of paragraph 39.

40.  Defendant denies the allegations of paragraph 40.

41.  Defendant denies the allegations of paragraph 41.

42.  Defendant admits the allegations of paragraph 42.

43.  Defendant admits the allegations of paragraph 43.

44. Defendant admits the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

49. Defendant denies the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50.

51. Defendant denies the allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. Defendant admits the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

59. Defendant denies the allegations of paragraph 59.

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

64. Defendant denies the allegations of paragraph 64.

65. Defendant denies the allegations of paragraph 65.

66. Defendant denies the allegations of paragraph 66.

67. Defendant denies the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

70. Defendant denies the allegations of paragraph 70.

71. Defendant denies the allegations of paragraph 71.

72. Defendant denies the allegations of paragraph 72.

73. Defendant denies the allegations of paragraph 73, except admits that Plaintiff's employment was terminated on December 11, 2003.

74. Defendant denies the allegations of paragraph 74.

75. Defendant admits so much of this paragraph as alleges that Plaintiff's position was eliminated. To the extent this paragraph purports to allege otherwise, it is denied.

76. Defendant admits so much of this paragraph as alleges that Plaintiff was told job performance did not play a role in her job elimination. To the extent this paragraph purports to allege otherwise, it is denied.

77. Defendant denies the allegations of paragraph 77.

78. Defendant admits so much of this paragraph as alleges that there were positions available at the time Plaintiff's job was eliminated, however, Plaintiff never applied for these positions. To the extent this paragraph purports to allege otherwise, it is denied.

79. Defendant admits the allegations of paragraph 79.

80. Defendant admits the allegations of paragraph 80.

81. Defendant admits so much of this paragraph as alleges that as of December 11, 2003, it had not yet filled the "print advertising sales" position or the "advertising sales" position. To the extent this paragraph purports to allege otherwise, it is denied.

82. Defendant denies that Plaintiff was told there were no vacancies in the Sales Department.

83. Defendant denies that Plaintiff was told there were no vacancies in the Sales Department.

84. Defendant denies that Plaintiff was told there were no vacancies in the Sales Department.

85. Defendant denies the allegations of paragraph 85.

86. Defendant denies the allegations of paragraph 86.

87. Defendant denies the allegations of paragraph 87.

88. Defendant denies the allegations of paragraph 88.

89. Defendant admits the allegations of paragraph 89.

90. Defendant admits that Plaintiff claimed certain prior work history. Defendant denies the remaining allegations of this paragraph.

91. Defendant denies the allegations of paragraph 91.

92. Defendant denies that Plaintiff was told "we have no other positions in our sales department, available at this time." Further, Defendant denies the remaining allegations of this paragraph.

93. Defendant denies that Plaintiff was told "we have no other positions in our sales department, available at this time." Further, Defendant denies the remaining allegations of this paragraph.

94. Defendant denies the allegations of paragraph 94.

95. Defendant admits so much of this paragraph as alleges that Plaintiff did not apply for any positions after her job elimination. To the extent this paragraph purports to allege otherwise, it is denied.

96. Defendant denies the allegations of paragraph 96.

97. Defendant admits so much of this paragraph as alleges that Plaintiff was compensated for any commissions due to her. To the extent this paragraph purports to allege otherwise, it is denied.

98. Defendant denies the allegations of paragraph 98.

99. Defendant lacks sufficient information to either admit or deny the allegations regarding what the Plaintiff "maintains," and therefore leaves Plaintiff to her proof.

100. Defendant denies the allegations of paragraph 100.

101. Defendant denies the allegations of paragraph 101.

102. Defendant denies the allegations of paragraph 102.

103. Defendant denies the allegations of paragraph 103.

104. Defendant admits so much of this paragraph as alleges that Plaintiff received her final two paychecks on December 11, 2003 and December 15, 2003. To the extent this paragraph purports to allege otherwise, it is denied.

105. Defendant denies the allegations of paragraph 105.

106. Defendant denies the allegations of paragraph 106.

107. Defendant denies the allegations of paragraph 107.

108. Defendant denies the allegations of paragraph 108.

109. Defendant denies the allegations of paragraph 109.

110. Defendant denies the allegations of paragraph 110.

111. Defendant admits so much of this paragraph as alleges that it does not owe the Plaintiff any further commissions or other payments. To the extent this paragraph purports to allege otherwise, it is denied.

112. Defendant lacks sufficient information to either admit or deny the allegations regarding what the Plaintiff "avers", and therefore leaves Plaintiff to her proof.

113. Defendant lacks sufficient information to either admit or deny the allegations regarding what the Plaintiff "alleges," and therefore leaves Plaintiff to her proof.

114. Defendant lacks sufficient information to either admit or deny the allegations regarding what the Plaintiff "alleges," and therefore leaves Plaintiff to her proof.

115. Defendant lacks sufficient information to either admit or deny the allegations regarding what the Plaintiff "alleges," and therefore leaves Plaintiff to her proof.

116. Defendant lacks sufficient information to either admit or deny the allegations regarding what the Plaintiff "alleges," and therefore leaves Plaintiff to her proof.

117. Defendant lacks sufficient information to either admit or deny the allegations regarding what the Plaintiff "alleges," and therefore leaves Plaintiff to her proof.

118. Defendant lacks sufficient information to either admit or deny the allegations regarding what the Plaintiff "alleges," and therefore leaves Plaintiff to her proof.

119. Defendant lacks sufficient information to either admit or deny the allegations regarding what the Plaintiff "alleges," and therefore leaves Plaintiff to her proof.

120. Defendant lacks sufficient information to either admit or deny the allegations regarding what the Plaintiff "alleges," and therefore leaves Plaintiff to her proof.

121. Defendant lacks sufficient information to either admit or deny the allegations regarding what the Plaintiff "alleges," and therefore leaves Plaintiff to her proof.

122.  Defendant denies the allegations of paragraph 122.

123.  Defendant denies the allegations of paragraph 123.

124.  Defendant admits the allegations of paragraph 124.

125.  Defendant denies the allegations of paragraph 125.

126.  Defendant denies the allegations of paragraph 126.

127.  Defendant denies that Rick Stoehrer is the administrator of its 401(k) Plan. As for the remaining allegations of this paragraph, Defendant lacks sufficient knowledge to either admit or deny, and therefore leaves Plaintiff to her proof.

128.  Defendant lacks sufficient knowledge to either admit or deny the allegations regarding what Plaintiff's "understanding" was, and therefore leaves Plaintiff to her proof.

129.  Defendant admits so much of this paragraph as alleges that it did not process the 401(k) application submitted by the Plaintiff. As for the remaining allegations of this paragraph, Defendant lacks sufficient knowledge to either admit or deny, and therefore leaves Plaintiff to her proof.

130.  Defendant admits the allegations of paragraph 130.

131.  Defendant admits so much of this paragraph as alleges that it did not have Plaintiff's 401(k) application. To the extent this paragraph purports to allege otherwise, it is denied.

132.  Defendant admits so much of this paragraph as alleges that it did not have Plaintiff's 401(k) application. To the extent this paragraph purports to allege otherwise, it is denied.

133. Defendant admits so much of the paragraph as alleges that it did not process Plaintiff's 401(k) application prior to her job being eliminated. To the extent this paragraph purports to allege otherwise, it is denied.

134. Defendant admits so much of this paragraph as alleges that it gave Plaintiff a paycheck on December 11, 2003. To the extent this paragraph purports to allege otherwise, it is denied.

135. Defendant admits so much of this paragraph as alleges that it gave Plaintiff a paycheck on December 15, 2003. To the extent this paragraph purports to allege otherwise, it is denied.

136. Defendant admits the allegations of paragraph 136.

137. Defendant admits the allegations of paragraph 137.

138. Defendant denies the allegations of paragraph 138.

139. Defendant admits the allegations of paragraph 139.

140. Defendant admits the allegations of paragraph 140.

141. Defendant denies the allegations of paragraph 141.

142. Defendant denies the allegations of paragraph 142.

143. Defendant denies the allegations of paragraph 143.

144. Defendant denies the allegations of paragraph 144.

145. Defendant denies the allegations of paragraph 145.

146. Defendant denies the allegations of paragraph 146.

147. Defendant denies the allegations of paragraph 147.

148. Defendant denies the allegations of paragraph 148.

149. Defendant denies the allegations of paragraph 149.

150. Defendant denies the allegations of paragraph 150.

151. Defendant denies the allegations of paragraph 151.

152. Defendant denies the allegations of paragraph 152.

153. Defendant denies the allegations of paragraph 153.

154. Defendant lacks sufficient information to either admit or deny the allegations regarding how Plaintiff "interpreted" Defendant's actions, and therefore leaves Plaintiff to her proof.

155. Defendant states that policy in question speaks for itself. To the extent this paragraph purports to allege otherwise, it is denied.

156. Defendant admits so much of this paragraph as alleges that Plaintiff met with supervising officials employed by the Defendant during her employment with the Defendant. To the extent this paragraph purports to allege otherwise, it is denied.

157. Defendant denies the allegations of paragraph 157.

158. Defendant denies the allegations of paragraph 158.

159. Defendant denies that the practices described above were discriminatory.

160. This paragraph states a legal conclusion for which no response is required. To the extent a response is required, it is denied.

161. Defendant denies the allegations of paragraph 161.

## CLAIMS FOR RELIEF

### COUNT 1

### EMPLOYMENT DISCRIMINATION – WRONGFUL TERMINATION, DISPARATE TREATMENT and ADVERSE EMPLOYMENT ACTION IN VIOLATION OF MASS. GEN. LAWS CHAP. 151B

162. Defendant repeats and incorporates herein its responses to the allegations contained in paragraphs 1-161 of the Complaint.

163. Defendant admits the allegations of paragraph 163.

164. Defendant admits the allegations of paragraph 164.

165. Defendant denies the allegations of paragraph 165.

166. Defendant denies the allegations of paragraph 166.

167. Defendant denies the allegations of paragraph 167.

168. Defendant denies the allegations of paragraph 168.

## COUNT 2

### BREACH OF CONTRACT - COMMISSIONS

169. Defendant repeats and incorporates herein its responses to the allegations contained in paragraphs 1-168 of the Complaint.

170. Defendant denies the allegations of paragraph 170.

171. Defendant denies the allegations of paragraph 171.

172. Defendant denies the allegations of paragraph 172.

173. Defendant denies the allegations of paragraph 173.

174. Defendant denies the allegations of paragraph 174.

175. Defendant denies the allegations of paragraph 175.

176. Defendant denies the allegations of paragraph 176.

177. Defendant denies the allegations of paragraph 177.

178. Defendant denies the allegations of paragraph 178.

179. Defendant denies the allegations of paragraph 179.

180. Defendant denies the allegations of paragraph 180.

181. Defendant denies the allegations of paragraph 181.

## COUNT 3

## BREACH OF CONTRACT - BONUSES

182. Defendant repeats and incorporates herein its responses to the allegations contained in paragraphs 1-181 of the Complaint.

183. Defendant denies the allegations of paragraph 183.

184. Defendant denies the allegations of paragraph 184.

185. Defendant denies the allegations of paragraph 185.

186. Defendant denies the allegations of paragraph 186.

187. Defendant denies the allegations of paragraph 187.

188. Defendant denies the allegations of paragraph 188.

## COUNT 4

## BREACH OF CONTRACT – VACATION TIME

189. Defendant repeats and incorporates herein its responses to the allegations contained in paragraphs 1-188 of the Complaint.

190. Defendant denies the allegations of paragraph 190.

191. Defendant denies the allegations of paragraph 191.

192. Defendant denies the allegations of paragraph 192.

193. Defendant denies the allegations of paragraph 193.

194. Defendant denies the allegations of paragraph 194.

195. Defendant denies the allegations of paragraph 195.

196. Defendant denies the allegations of paragraph 196.

## COUNT 5

## BREACH OF CONTRACT – 401(K) PLAN

197. Defendant repeats and incorporates herein its responses to the allegations contained in paragraphs 1-196 of the Complaint.

198. Defendant denies the allegations of paragraph 198.

199. Defendant denies the allegations of paragraph 199.

200. Defendant denies the allegations of paragraph 200.

201. Defendant lacks sufficient knowledge to either admit or deny the allegations of this paragraph, and therefore leaves Plaintiff to her proof.

202. Defendant admits the allegations of paragraph 202.

203. Defendant denies the allegations of paragraph 203.

204. Defendant denies the allegations of paragraph 204.

## COUNT 6

## BREACH OF CONTRACT – MONEY HAD AND RECEIVED, THE DFENDANT'S UNJUST ENRICHMENT

205. Defendant repeats and incorporates herein its responses to the allegations contained in paragraphs 1-204 of the Complaint.

206. Defendant denies the allegations of paragraph 206.

207. Defendant denies the allegations of paragraph 207.

208. Defendant denies the allegations of paragraph 208.

209. Defendant denies the allegations of paragraph 209.

210. Defendant denies the allegations of paragraph 210.

## COUNT 7

## BREACH OF CONTRACT – VIOLATION OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

211.  Defendant repeats and incorporates herein its responses to the allegations contained in paragraphs 1-210 of the Complaint.

212.  This paragraph states a legal conclusion for which no response is required. To the extent a response is required, it is denied.

213.  This paragraph states a legal conclusion for which no response is required. To the extent a response is required, it is denied.

214.  Defendant denies the allegations of paragraph 214.

215.  Defendant denies the allegations of paragraph 215.

216.  Defendant denies the allegations of paragraph 216.

217.  Defendant denies the allegations of paragraph 217.

218.  Defendant denies the allegations of paragraph 218.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because Defendant has complied with all laws and regulations and has otherwise satisfied its statutory obligations towards Plaintiff under federal and state law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred in whole or in part by her failure to mitigate her damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim of discrimination is barred and/or recovery of damages precluded because Plaintiff failed to take advantage of Defendant's preventative or correction opportunities or otherwise to avoid harm.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Defendant took actions regarding Plaintiff's employment, any such actions were taken for legitimate business reasons and did not violate any regulation, law or established public policy.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because there is an accord and satisfaction between Plaintiff and Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel and/or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

All actions taken by Defendant were taken in good faith and with reasonable grounds for believing that they were not in violation of any applicable law or regulation.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust her administrative remedies and/or internal appeals procedures.

### TENTH AFFIRMATIVE DEFENSE

Based on the circumstances in this case, Defendant requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(G).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because Plaintiff has no legal right to the compensatory relief sought in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees on the claims she has alleged.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's contract claim is barred by the statute of frauds.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because Plaintiff lacks standing to pursue the claims alleged in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because of the lack of a legal duty owed by Defendant to Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to add additional affirmative defenses that it may discover throughout the course of this litigation.

### IMPROPER JURY DEMAND

Plaintiff is not entitled to a jury trial with respect to Count 5.

WHEREFORE, Defendant, Boston Metro Publishing, prays that the Court:

1. enter judgment for Defendant on all claims;

2. Award Defendant its costs incurred herein, including attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1); and

3. grant any further relief as the Court may find just and proper.

    Respectfully submitted,

    BOSTON METRO PUBLISHING
    By its attorneys,


    /s/ Erik J. Winton
    Thomas Royall Smith, BBO #470300
    Erik J. Winton, BBO #600743
    Jackson Lewis LLP
    75 Park Plaza
    Boston, MA 02116
    (617) 367-0025

Dated: April 7, 2005